**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| NATHANIEL BONTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-06-698-F |
| | ) |
| LT. PLASTER, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On May 25, 2007, the court entered an order (1) dismissing without prejudice plaintiff's claims involving conspiracy, denial of equal protection through race-discrimination, and deprivation of due process through job termination without investigation or hearing; (2) dismissing with prejudice plaintiff's claims involving termination of employment in violation of prison policy and reduction in pay level; (3) dismissing with prejudice plaintiff's claim of cruel and unusual punishment; (4) dismissing without prejudice plaintiff's claims involving retaliation and denial of meaningful administrative remedies and granting plaintiff leave to amend his amended complaint to correct the deficiencies in those claims within twenty days; (5) declaring plaintiff's state law claims for negligence and intentional infliction of emotional distress to remain pending; and (6) referring the case to United States Magistrate Judge Robert E. Bacharach in accordance with 28 U.S.C. § 636 for further proceedings.

Shortly thereafter, on May 29, 2007, Magistrate Judge Bacharach entered an order setting August 20, 2007 as the deadline for summary judgment motions.

Upon reviewing the record, the court notes that no summary judgment motion has been filed by any party. In addition, the court notes that plaintiff has not filed a second amended complaint correcting the deficiencies in plaintiff's claims involving retaliation and denial of meaningful administrative remedies, which were dismissed without prejudice by the court's May 25, 2007 order. As no action has been taken by the parties to date, the court concludes that its referral of the case to Magistrate Judge Bacharach should be vacated.

With the case as it now stands, the only claims of plaintiff pending for resolution by the court are the state law claims for negligence and intentional infliction of emotional distress. Because all of plaintiff's federal law claims were either dismissed with or dismissed without prejudice by the court's May 25, 2007 order, the court must now decide whether to exercise supplemental jurisdiction over the state law claims. Judicial economy, fairness, convenience, and comity are all considerations that are to guide a district court's decision whether to defer to a state court rather than retaining and disposing of state law claims. United Mine Workers v. Gibbs, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). However, the Tenth Circuit has held that when the federal law claims are resolved before trial, the district court should usually decline to exercise jurisdiction over the state law claims and allow the plaintiff to pursue them in state court. *See*, Smith v. City of Enid By and Through Enid City Com'n, 149 F.3d 1151, 1156 (10th Cir. 1998); Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995). Having disposed of the federal law claims prior to trial and finding no consideration requiring the court to retain and dispose of plaintiff's state law claims, the court, in its discretion and pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction over plaintiff's state law claims. The court therefore concludes that the state law claims should be dismissed without prejudice.

IT IS THEREFORE ORDERED that the court's May 25, 2007 order (doc. no. 57), to the extent it refers this case in accordance with 28 U.S.C. § 636 to United States Magistrate Judge Robert E. Bacharach, is **VACATED**.

IT IS ALSO ORDERED that the court, in its discretion and pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction over the state law claims and **DISMISSES WITHOUT PREJUDICE** plaintiff's state law claims for negligence and intentional infliction of emotional distress.

IT IS FURTHER ORDERED that, with the dismissal of all of plaintiff's claims in this action, judgment should be entered forthwith.

DATED August 24, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0698p004.wpd